FRANK RICHARDSON, Plaintiff-Appellee, *v.* CARRIE WILSON, Defendant-Appellant.

First District (3rd Division)   No. 76-480

Opinion filed March 9, 1977.

Gordon Waldron, William P. Wilen, and Anthony J. Fusco, all of Chicago, for appellant.

Richard Gillis, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:
Plaintiff, Frank Richardson, after serving a 5-day notice upon defendant, Carrie Wilson, to terminate her possession of an apartment in

a multiple-dwelling building based on nonpayment of rent (Ill. Rev. Stat. 1975, ch. 80, par. 8), brought an action for possession pursuant to the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1975, ch. 57, par. 1 *et seq.*). Defendant admitted that rent had not been paid for 2 months but advanced affirmative defenses that plaintiff had breached implied and express warranties by failing to repair the premises to comply with the municipal building code and by failing to comply with an express covenant to repair. The trial court struck the affirmative defenses and ordered that plaintiff regain possession. This order was stayed pending appeal when defendant agreed to a "use and occupancy" bond requiring that she pay her monthly rent.

■■ Defendant first contends the trial court erred in striking her defenses. Moreover, she argues that she has a right to withhold rent until plaintiff complies with the building code. Although plaintiff has not filed a brief in this cause, in view of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, a review of the merits of defendant's first contention is in order.

In *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208, plaintiffs brought actions to regain possession of premises occupied by defendants because of the latter's failure to pay rent. As an affirmative defense, defendants alleged the existence of an oral lease, the landlords' promises to make certain repairs, the breach thereof and the existence of structural defects violating the Municipal Code of Chicago. On appeal from the trial court's orders striking these defenses as not "germane" under section 5 of the Forcible Entry and Detainer Act, the Illinois Supreme Court reversed. It reasoned that each lease implied a warranty of habitability which could be fulfilled by compliance with the local building ordinances. Breach of this warranty was "germane" to an action under the forcible entry and detainer statute to regain possession. If damages suffered by the tenant because of the landlord's breaches of the warranty exceed the rent due, the tenant does not owe the landlord rent, and, consequently, no rent is "due and remains unpaid." Thus, the landlord would not be entitled to possession on this basis. (*Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 359, 280 N.E.2d 208.) The court further indicated that a tenant could bring an independent action for damages against the landlord or, if the landlord should bring an action to obtain the rent, recoup damages.

The alleged violations of the Chicago Building Code in this case were evidenced by copies in the record of inspection reports from the Department of Buildings of the City of Chicago. It is unnecessary to enumerate or describe the alleged defects. It is sufficient to note that, if proven, these defects would support a claim that there had been a substantial breach of an implied warranty of habitability.

■■ Under these circumstances, although possession is the only issue in this appeal because the landlord is not seeking a judgment for unpaid rent, the resolution of the demand for possession turns upon whether rent was due and unpaid. If rent is due and the tenant has not paid after proper notice, the landlord is entitled to possession. If rent is not owed because the tenant's setoffs based on alleged violations of the landlord's breach of an implied warranty of habitability or his express covenant to repair exceed the amount of rent the landlord claims to be owing, plaintiff is not entitled to possession solely by reason of nonpayment of rent. The trial court, therefore, erred in striking the affirmative defenses. *Johnson v. Illinois Department of Public Aid* (7th Cir. 1972), 467 F.2d 1269, 1273; *Clore v. Fredman* (1974), 59 Ill. 2d 20, 319 N.E.2d 18; *Peoria Housing Authority v. Sanders* (1973), 54 Ill. 2d 478, 298 N.E.2d 173; *cf.* also *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833, *cert. denied, appeal dismissed,* 401 U.S. 928, 28 L. Ed. 2d 209, 91 S. Ct. 924.

■■ As an alternative, defendant argues that she was entitled to withhold all rent payments even if they exceeded the amount of damages she suffered until the landlord complied with the provisions of the building code. There is nothing in the record on this appeal to indicate that the amount of rent withheld by defendant exceeds the damages she claims by reason of her landlord's breach of express and implied warranties. It is, therefore, unnecessary to consider this contention in order to dispose of this appeal. In addition, a case where the appellee has not filed a brief is not a proper vehicle for resolving an issue of this importance.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.