ARONSON FURNITURE COMPANY, Plaintiff-Appellee, *v.* JORDANETTE JOHNSON, Defendant-Appellant.

First District (1st Division)   No. 76-773

Opinion filed March 28, 1977.

James O. Latturner, Jerold Oppenheim, and Charles Linn, all of Legal Assistance Foundation, of Chicago, and Lillian O. Johnson, James D. Briggs, and Maureen T. Thornton, all of Englewood Legal Service, of Chicago, for appellant.

No appearance or brief filed for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This action was brought by plaintiff, Aronson Furniture Company (Aronson), against defendant, Jordanette Johnson (Johnson), to confirm a judgment by confession on a retail installment contract for the purchase of furniture. Defendant's affirmative defense and counterclaim were dismissed and the confession judgment confirmed. Defendant appeals.

Aronson sold three pieces of bedroom furniture, a mattress and a box spring to Johnson on June 15, 1974, for $530. Johnson paid $20 on delivery and the parties entered into a retail installment contract to finance the balance over a period of 24 months. Johnson made no payments on the contract. On December 20, 1974, pursuant to the power of attorney in the retail installment contract, Aronson obtained a judgment by confession against Johnson.

Confirmation proceedings were instituted and, on June 25, 1975, Johnson filed an answer raising the affirmative defense of violations of the Retail Installment Sales Act (Ill. Rev. Stat. 1973, ch. 121½, par. 501 *et seq.*) and a counterclaim seeking statutory damages, attorney's fees and costs for violations of the Federal Truth in Lending Act (15 U.S.C. §§1601 *et seq.*). The court, without a jury, heard evidence and arguments of counsel, confirmed the confessed judgment, found that the affirmative defenses were insufficient as a matter of law and that the counterclaim failed to state a cause of action.

Johnson, on appeal, argues that (1) her counterclaim was sufficient as a matter of law because the contract violated the Truth in Lending Act by (a) failing to disclose a security interest created by the confession of judgment clause, (b) failing to disclose this security interest conspicuously and in a meaningful sequence with other required disclosures and (c) failing clearly to identify property to which the "after acquired property" security interest relates, and (2) her affirmative defenses to Aronson's complaint should have been sustained by the court as a matter of law because the contract violated the Illinois Retail Installment Sales Act by (a) failing to disclose the security interest created by the confession clause, (b) failing to describe the goods sold and (c) failing to memorialize the date on which it was executed.

■■ Although Aronson has not filed a brief or otherwise appeared of record, a limited review of the merits is in order because the "considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal." *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131, 345 N.E.2d 493, 494.

We first consider Johnson's counterclaim. The Federal Truth in Lending Act (TILA) (15 U.S.C. §§1601 *et seq.*), requiring specific disclosures to be made by lenders in consumer credit transactions, has been in force and effect since 1968 and has survived constitutional challenge. (*Mourning v. Family Publications Service, Inc.* (1973), 411 U.S. 356, 36 L. Ed. 2d 318, 93 S. Ct. 1652.) Section 1640(e) provides that civil actions to redress violations of the Act may be brought in any court of competent jurisdiction and the provisions of the Act may be raised by way of counterclaim of defense. (*Wood Acceptance Co. v. King* (1974), 18 Ill. App. 3d 149, 309 N.E.2d 403.) Therefore, the counterclaim states a cause of action if it pleads a failure to disclose information which the Act requires to be disclosed. The counterclaim alleged three separate violations by Aronson and the trial court found against Johnson on all three.

Although Johnson has appealed the court's ruling as to each, we will consider only one (the claim that the contract failed clearly to identify property to which the "after acquired property" security interest relates), because without the benefit of a brief on behalf of Aronson, it is neither necessary nor proper for us to resolve the issues of importance raised by Johnson in support of the other two claimed violations. *Richardson v. Wilson* (1977), 46 Ill. App. 3d 622, 361 N.E.2d 110.

■■ The counterclaim pleaded a failure to correctly disclose the security interest claimed in after-acquired property in violation of Regulation Z (12 C.F.R. 226.8(b)(5)) which was promulgated under the Truth in Lending Act (15 U.S.C. §§1601 *et seq.*). That regulation provides in pertinent part:

> "If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained, or acquired."

The contract states:

> "SECURITY INTEREST: Seller retains and shall have a purchase money security interest in the property described above and all after acquired property in substitution therefore [sic] under the Illinois Uniform Commercial Code until the Total of Payments and all other amounts hereafter to become due from buyer hereunder are paid in full."

Johnson argues that this clause violates Regulation Z's requirement of a clear setting forth of the interest claimed in after-acquired property, for the reason that the interest is too broad an in violation of State law, specifically section 9—204 of the Uniform Commercial Code (Ill. Rev.

Stat. 1973, ch. 26, par. 9—204(2)), which restricts the creditor's right to after-acquired property to property acquired by the debtor within 10 days of the creditor's giving value. Because the interest claimed is apparently greater than that allowed under the Uniform Commercial Code, Johnson argues that it is misleading and, therefore, not "clearly set forth" as required by the Regulation.

We agree. While it might be argued that its interest is limited to substituted goods and is, therefore, within the automatic coverage of "proceeds" in section 9—306(2) of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 9—306(2)), the two are not synonymous. Substituted goods need not be paid for out of proceeds of the disposition of the goods subject to the security interest. The court in *Tinsman v. Moline Beneficial Finance Co.* (7th Cir. 1976), 531 F.2d 815, came to this conclusion in considering an almost identical security interest claimed by a creditor. The words used there were "replacement goods" but we find no substantial difference presented by that fact; "substituted" and "replacement" are synonymous, but neither means the same as "proceeds." The court in *Tinsman* found a violation of the regulation and, on the facts of this record, so do we.

The trial court's finding that the counterclaim was insufficient as to this violation was in error. The judgment in favor of Aronson on that part of defendant's counterclaim is reversed and the cause remanded for further proceedings.

■■ We next consider the issues raised in the affirmative defenses found by the trial court to be insufficient as a matter of law. The defenses pleaded were that Aronson's contract violated the Retail Installment Sales Act (RISA) (Ill. Rev. Stat. 1973, ch. 121½, par. 501 *et seq.*) in that the contract was not dated as required by section 3 (Ill. Rev. Stat. 1973, ch. 121½, par. 503(a)), failed to describe the goods sold as required by section 4 (Ill. Rev. Stat. 1973, ch. 121½, par. 504) and failed to disclose a security interest as required by section 5(13) (Ill. Rev. Stat. 1973, ch. 121½, par. 505(13)).

Section 31(b) (Ill. Rev. Stat. 1973, ch. 121½, par. 531(b)) provides:

> "No person who violates this Act, except as a result of an accident or bona fide error of computation, may recover any finance charge, any delinquency or collection charge or any refinance charge in connection with the related retail installment contract or retail charge agreement."

Because Aronson's complaint sought interest, fees and collection charges, the violations pleaded were proper affirmative defenses and were not insufficient as a matter of law.

■■ However, the trial judge, in addition to ruling the defenses insufficient as a matter of law, made findings that the contract was dated,

that the property was described in substantial compliance with the requirements of RISA and that the confession of judgment clause did not create a security interest. It is apparent from the record that these findings are actually conclusions of law and are reviewable by this court. *Berry v. Blackard Construction Co.* (1973), 13 Ill. App. 3d 768, 300 N.E.2d 627.

■■■ Here, too, a review of the merits of one of these findings is sufficient. (*Richardson v. Wilson* (1977), 46 Ill. App. 3d 622, 361 N.E.2d 110.) The trial court found that the goods purchased were "described in substantial compliance with the requirements of the Illinois Retail Installment Sales Act." Section 4 (Ill. Rev. Stat. 1973, ch. 121½, par. 504) provides in pertinent part: "Every retail installment contract must contain * * * a description or identification of the goods sold." The contract form provides a space for compliance with the statutory mandate. Handwritten in this space on the contract is: "3 PC Bed Rm Set, 4/6 Box Spring, 4/6 Matt." The words "description or identification" are not defined by RISA. Because a security interest is claimed in the goods by reason of the contract, we look for guidance to article 9, the secured transactions article of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 9—101 *et seq.*). Section 9—110 (Ill. Rev. Stat. 1973, ch. 26, par. 9—110) states that "any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described." In a *retail installment contract, where* one of the creditor's remedies on default is repossession (Ill. Rev. Stat. 1973, ch. 26, par. 9—503), the description must be specific enough to allow the creditor's agents or the sheriff to distinguish between the goods subject to the security interest and other consumer goods owned by the debtor which may be similar in type but not subject to the security interest. See *Southern Illinois National Bank v. Thaxton* (1922), 224 Ill. App. 554.

The record does not reveal whether Johnson possessed any other bedroom furniture, mattress or box spring. Considering the purpose of RISA and the Committee Comments following section 9—110 of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 9—110), it is apparent that the facts of each case must be examined to determine whether the description is adequate to protect the consumer. We find that Aronson's description does not satisfy the requirements of the statute because it is not specific enough to permit a third party to distinguish between the subject goods and other goods owned by the debtor which may be similar. The trial court erred in finding compliance with the *description or identification requirement of section 4* (Ill. Rev. Stat. 1973, ch. 121½, par. 504). The judgment in favor of Aronson as to that affirmative defense is reversed and the cause remanded for further proceedings.

The judgment confirming the judgment by confession against

defendant and finding for plaintiff on the affirmative defenses and counterclaim is reversed and the cause remanded for further proceedings.

Judgment reversed and cause remanded for further proceedings.

GOLDBERG, P. J., and McGLOON, J., concur.