### 57530. CORN v. CULPEPPER SALES.

DEEN, Chief Judge.

Culpepper Sales brought suit against Ms. Corn alleging an account indebtedness arising out of two retail

installment contracts. Appellant answered denying the indebtedness and counterclaimed alleging that the contracts violated Regulation "Z" promulgated by the Federal Reserve Board in conjunction with the Truth in Lending Act, 15 USCA § 1601 et seq. and, as a result of such violations, she was entitled to recover $100 as a penalty on each transaction, court costs, and attorney fees. Appellant waived a jury trial and the case was tried before a judge sitting as trier of facts. The trial judge found that there was no evidence that Culpepper normally or customarily charges a finance charge to its customers when they pay for their merchandise on time or terms; that the amount financed under each of the agreements did not exceed $75 and under § 226.8(2) of Regulation "Z" (12 CFR § 226.8(c)) the annual percentage rate need not be shown, and that other disclosures appear to be meaningfully disclosed and are not misleading or confusing to the defendant. Judgment was entered in favor of Culpepper Sales in the amount of $73.15 plus attorney fees.

1. 15 USCA § 1602 (f) provides: "The term 'creditor'refers only to creditors who regularly extend, or arrange for the extension of, credit for which the payment of a finance charge is required, whether in connection with loans, sales of property or services, or otherwise. The provisions of this subchapter apply to any such creditor, irrespective of his or its status as a natural person or any type of organization." Under the authority provided in 15 USCA § 1064, the Board of Governors of the Federal Reserve System is empowered to prescribe rules and regulations to administer the Act. Under 12 CFR § 226.2 (s) a creditor is further defined as ". . . a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit, or offers to extend or arrange for the extension of such credit, which is payable by agreement in more than four installments, or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise." Even if the creditor does not impose a finance charge for the extension of credit, it is considered to be a creditor within the meaning of the Act. Mourning v. Family Publications Service, Inc., 411 U. S. 356 (93 SC 1652, 36 LE2d 318) (1973).

In the present case, the appellee testified that it was a regular business practice to allow a customer to make a down payment on merchandise and then make monthly payments. Appellee further testified that occasionally more than four payments were involved depending upon the agreement between it and the party and the cost of the item purchased.

The trial court's order does not imply that appellee was exempt from the provisions of the Truth in Lending Act, nor does the appellee raise this defense on appeal, although it argued at trial that it was exempt from the provisions of the Act because it did not regularly assess a finance charge. Here, it argues that as neither of the contracts was in excess of $75 it was not required to disclose any finance charge under 12 CFR § 226.8 (b) (2), and that it substantially complied with the requirements of § 226.8 (b) (3) and § 226.8 (c) (1). Appellant, however, contends that the Truth in Lending Act requires strict compliance with the nomenclature requirements set forth in 12 CFR § 226.8, subsections 8 (b) (3) ("[t]he number, amount and due dates or periods of payments scheduled to repay the indebtedness . . . the sum of such payments using the term, 'total of payments.' "), and (c) (1) ("[t]he cash price of the property . . . purchased, using the term, 'cash price.' "). In the present case, one contract shows that appellant was to make a $4 down payment on March 3, 1978, "then $5.00 per month on the first"; the other contract states "$6.30 down then $10.20 per month on the 1st." Nowhere in the contracts does it specify the total number of payments using the term "total of payments" as required by Regulation "Z." Both contracts also use the term "total sale price" instead of "cash price" as mandated by § 226.8.

We agree with appellant that appellee's ". . . failure to comply strictly with the above-cited nomenclature requirements of the Truth in Lending Act constitutes violation thereof." *Good Housekeeping Shop v. Hines,* 146 Ga. App. 713 (247 SE2d 142) (1978). Thus, the trial court erred in ruling that the disclosures were meaningfully made and that they were not misleading or confusing.

2. Any creditor who fails to comply with any requirement imposed by the Truth in Lending Act is

subject to a civil penalty even though no finance charge is involved. Mourning v. Family Publications Service, Inc., supra. 15 USCA § 1640 (2) provides that the penalty assessed shall be twice the amount of the finance charge imposed on the transaction, but not less than $100. Once a court finds a violation of this chapter, no matter how technical, it has no discretion with respect to imposition of liability for statutory penalties. Grant v. Imperial Motors, 539 F2d 506 (5th Cir., 1976). As judgment is entered in favor of appellant, the trial court is directed to impose a civil penalty upon appellee in the amount of $100 on each transaction involved.

3. Under 15 USCA § 1640 (a) (3), a debtor who is injured by a creditor's failure to comply with the requirements of the Truth in Lending Act is entitled to recover ". . . the costs of the action, together with a reasonable attorney's fee as determined by the court." A defendant in such an action cannot be denied attorney fees because her attorney is employed by a legal aid society. Sellers v. Wollman, 510 F2d 119 (5th Cir., 1975). Accordingly, the trial court is directed to conduct a hearing at which the amount of costs and reasonable attorney fees shall be determined based upon the evidence.

*Judgment reversed and remanded with direction. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 3, 1979 — DECIDED JUNE 5, 1979.

*Paul E. Kauffman, L. Lyn O'Berry, Willie Abrams,* for appellant.

*Thompson & Hughey, Thomas L. Thompson, Jr.,* for appellee.