**Beverly LAWRENCE, a/k/a Mrs. James Lawrence, Plaintiff-Appellant,**

v.

**CREDITTHRIFT OF AMERICA, INC., Defendant-Appellee.**

No. 78–2766.

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1980.

Joseph H. King, Jr., Atlanta, Ga., for plaintiff-appellant.

Kirby G. Bailey, Decatur, Ga., for defendant-appellee.

Before GOLDBERG, CHARLES CLARK and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

■ This is an action under the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* We are asked to decide whether a successful plaintiff is entitled to attorney's fees for attorney's time spent defending defendant's compulsory counterclaim[1] on the underlying debt. The relevant statute states that the creditor is liable to the debtor "in the case of any successful action to enforce [civil liability under the TILA]" for "the costs of the action together with a reasonable attorney's fee as determined by

the court." 15 U.S.C.A. § 1640(a)(3) (West Supp.1979). The question is thus whether a "reasonable" attorney's fee includes compensation for time spent defending a compulsory counterclaim.

Appellee has pointed to two reasons for denying attorney's fees for time spent defending the counterclaim. First, it points out that Congress has not stated explicitly that time spent defending the counterclaim is compensable. Second, it argues that plaintiffs themselves can be fairly asked to pay their own attorneys' fees if they prevail in defeating the counterclaim. These contentions ignore the fact that Congress has provided that a reasonable attorney's fee will be awarded a successful TILA plaintiff. If the defense of a compulsory counterclaim is one obstacle on the path to recovery under the TILA, we perceive no unreasonableness in compensating plaintiff's attorney for time so spent. To deny compensation "would be inconsistent with the Congressional policy of implementing enforcement of the [TILA]." *McGowan v. Credit Center of North Jackson, Inc.,* 546 F.2d 73, 77 (5th Cir. 1977), and would ignore our principle of construing the TILA liberally in favor of the consumer, *see Thomas v. Myers-Dickson Furniture Co.,* 479 F.2d 740, 748 (5th Cir. 1973). Because the attorney would be compensated for less than all of the time reasonably spent prosecuting the suit, his effective hourly compensation would be less than the reasonable value of his time as determined by the court. This would discourage potential plaintiffs and their attorneys from bringing suits to vindicate TILA rights. *Cf. McGowan, supra* (plaintiff successful on only one of several TILA claims awarded attorney's fees for all claims); *see also New York Gaslight Club v. Carey,* —— U.S. ——, 100 S.Ct. 2024, 64 L.Ed.2d —— (1980) (attorney's fees under Title VII).

The court below held that TILA plaintiffs cannot recover attorney's fees for time spent defending compulsory counterclaims. This issue must be remanded for a determination of a reasonable attorney's fee in

---

1. *See Plant v. Blazer Financial Services, Inc. of Georgia,* 598 F.2d 1357 (5th Cir. 1979).

light of the factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).

The other issues presented by this appeal do not require lengthy discussion. Plaintiff's contention that a penalty of twice the finance charge, rather than the statutory minimum of $100, is required even if the loan agreement is void *ab initio* is sustained by our recent decision in *Williams v. Public Finance Corp.*, 598 F.2d 349 (5th Cir. 1979). We also agree with plaintiff that interest should run from the date of entry of the original judgment, March 31, 1977. *See Lew Wenzel & Co. of Southern California, Inc. v. London Litho Supply Co., Inc.*, 563 F.2d 1367 (9th Cir. 1977).

REVERSED in part and REMANDED.