BRADLEY, Judge.
This is a Federal Truth-in-Lending Act case.
Cedar Springs Federal Credit Union brought suit against William Ingram to recover on a promissory note. Defendant filed an answer and counterclaim in which he alleged that plaintiff had violated the Federal Truth-in-Lending Act, 15 U.S.C.A. § 1601 et seq. (West 1982), and Federal Regulation Z, 12 C.F.R. § 226.1 et seq. (1983).
The trial court entered judgment in favor of plaintiff for $7,405.19. Defendant filed a motion for clarification or for findings of fact and conclusions of law.
On October 20, 1983 the trial court amended its judgment to find in favor of plaintiff on the note and in favor of defendant on the counterclaim. Thereafter, defendant filed a motion for attorney’s fees with supporting affidavit, which the court denied. Defendant appeals.
The sole issue on appeal is whether a successful counterclaimant is entitled to attorney’s fees when he has been represented by a Legal Services Corporation attorney.
The applicable statute provides that the creditor is liable to the debtor “in the case of any successful action to enforce [civil liability under the TILA]” for “the costs of the action, together with a reasonable attorney’s fee as determined by the court.” 15 U.S.C.A. § 1640(a)(3) (West Supp.1979) (emphasis added). Moreover, the statute does not bar a defendant from recovering attorney’s fees when he is successful on a counterclaim.
“[C]ivil actions to redress violations of the Act may be brought in any court of competent jurisdiction and the provisions of the Act may be raised by way of counterclaim or defense. (Wood Acceptance Co. v. King (1974), 18 Ill.App.3d 149, 309 N.E.2d 403.) Therefore, the counterclaim states a cause of action if it pleads a failure to disclose information which the Act requires to be disclosed.”
Aronson Furniture Co. v. Johnson, 47 Ill.App.3d 648, 7 Ill.Dec. 776, 365 N.E.2d 61 (Ill.App.Ct.1977).
In the instant case defendant was represented by Legal Services of Alabama. Plaintiff contends that because defendant was under no obligation to pay his attorney, Legal Services, he is not entitled to an award of attorney’s fees. We disagree.
The rule is well established that a debtor cannot be denied attorney’s fees because his attorney is employed by a legal aid society or other publicly funded legal service office. Sellers v. Wollman, 510 F.2d 119 (5th Cir.1975); Jones v. Seldon’s Furniture Warehouse, Inc., 357 F.Supp. *355 886 (E.D.Va.1973); Corn v. Culpepper Sales, 150 Ga.App. 197, 257 S.E.2d 324 (Ga.Ct.App.1979); Merchandise National Bank v. Scanlon, 86 Ill.App.3d 719, 41 Ill.Dec. 826, 408 N.E.2d 248 (Ill.App.Ct. 1980); Robert Levitan & Sons Inc. v. Francis, 88 Misc.2d 125, 387 N.Y.S.2d 35 (N.Y.Sup.Ct.1976). An award of attorney’s fees under the act is not contingent upon the party’s obligation to pay an attorney nor affected by the fact that no fee was charged. Manning v. Princeton Consumer Discount Co., 533 F.2d 102 (3d Cir.), cert. denied, 429 U.S. 865, 97 S.Ct. 173, 50 L.Ed.2d 144, reh’g denied, 429 U.S. 933, 97 S.Ct. 342, 50 L.Ed.2d 303 (1976). Moreover, a denial of attorney’s fees could have a chilling effect on the desire of legal aid societies to represent debtors in TILA cases.
Apparently the trial court held that defendant could not recover an attorney’s fee because Legal Services represented him on the counterclaim.
A successful debtor in a Truth-in-Lending Act and Regulation Z action such as we have in the instant case is entitled to a reasonable attorney’s fee. Lawrence v. Creditthrift of America, Inc., 622 F.2d 1207 (5th Cir.1980); Fulghum v. Termplan Inc., 383 So.2d 191 (Ala.Civ.App.1980). And, a debtor who is represented by a legal aid society is just as entitled to an attorney’s fee as is a debtor who is represented by an employed attorney. Sellers v. Wollman, supra. The statute, i.e. section 1640(a)(3), TILA, directs the award of the attorney’s fee and such an award is not contingent on whether the debtor is or is not charged a fee. Sellers v. Wollman, supra; Jones v. Allied Loans, Inc., 447 F.Supp. 1121 (D.C.S.C.1977).
The trial court’s refusal to award the defendant a reasonable attorney’s fee is reversed and the cause is remanded for the trial court to fix a reasonable attorney’s fee to be awarded to the defendant. Trustees Loan & Discount Co. v. Carswell, 435 So.2d 114 (Ala.Civ.App.1983). The defendant is entitled to an attorney’s fee for the services of his attorney in the trial court and in the appellate court. Fulghum v. Termplan, Inc., supra.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.