**In re Daniel NILES & Peggy Niles, Debtors.**

**Bankruptcy No. 86 B 296.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 30, 1987.

Leonard M. Groupe, Chicago, Ill., for Daniel and Peggy Niles.

Lawrence Friedman, Chicago, Ill., for Associates Finance Inc.

## MEMORANDUM AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter is before the Court on the motion of Daniel G. Niles and Peggy L. Niles ("Debtors") to avoid a lien pursuant to § 522(f) of the Bankruptcy Code (11 U.S.C. § 101 *et seq.* (1986)).

Prior to filing a petition for relief under Chapter 13 of the Bankruptcy Code the Debtors borrowed $7,227.87 from Associates Finance Inc., ("Associates"). As security for the loan, Associates obtained a nonpossessory, non-purchase money security interest in: "1 Tecknia 19" color, VCR–Fischer FVH720, Video game (Ginia) w/5 games, 15 video tapes, Pioneer Amp, (2) trans audio speakers, Symphonic tape player, 2 fishing poles, Minolta XXX YGA Camera w/lens, Jayset Binoculars, Black and Decker Drill and bits, "Misc. Auto repair Equipment" owned by the Debtors. This Court has previously entered an order avoiding Associates' security interest in the household furnishings and personal goods of the nature and kind set forth in § 522(f) claimed exempt by the Debtors herein, under 11 U.S.C. § 522(b). Order Avoiding Lien Under Section 522(f)(2), No. 86 B 296 (April 9, 1986). This Order was entered without objection on Associates part. Associates, however, raised the issue of the applicability of § 522(f) to their lien on "Misc. Auto repair Equipment".

At present, the issue before the Court is whether, under Illinois law, the description of "Misc. Auto repair Equipment" adequately describes certain items to support the claimed lien.[1]

Associates contend that the description of "Misc. Auto repair Equipment" sufficiently describes its collateral. Relying on *Midkiff Implement Co. v. Worrall*, 116 Ill.App.3d 546, 71 Ill.Dec. 655, 451 N.E.2d 623 (4th Dist 1983), Associates argues that the Uniform Commercial Code as adopted by Illinois, ("Commercial Code") allows "very broad descriptions of collateral in security agreements". 116 Ill.App.3d at 549, 71 Ill.Dec. 655, 451 N.E.2d 623. The *Midkiff* court held that the creditor's description on a security agreement of "all farm machinery and equipment" was a sufficient description to cover a hay bailer, a forage pick-up, a bale carrier and a hay rake. 116 Ill.App.3d at 550, 71 Ill.Dec. 655, 451 N.E.2d 623.

Conversely, the Debtors rely on *Aronson Furniture Company v. Johnson*, 47 Ill. App.3d 648, 7 Ill.Dec. 776, 365 N.E.2d 61 (1st Dist.1977) to support their position that "Misc. Auto repair Equipment" is an inadequate description. In construing the Illinois Retail Sales Act, Ill.Rev.Stat. ch. 121½ pars. 501 *et seq.*, the court in *Aronson* found that the description of "3 PC Bed Rm. Set, 4/6 Box Spring, 4/6 Matt" on a security agreement was an insufficient description of the collateral in that case. Looking at ¶¶ 9–110 and 9–203 of the Commercial Code for guidance, the court held that in "a retail sales contract, where one of the creditor's remedies on default is repossession ... the description must be specific enough to allow the creditor's agents to distinguish between the goods subject to the security interest and other consumer goods owned by the debtor which may be similar in type but not subject to the security interest." 47 Ill.App.3d at 653, 7 Ill.Dec. 776, 365 N.E.2d 61.

The standard for determining the adequacy of the description of the collateral is set forth in Ill.Rev.Stat. ch. 26 ¶ 9–110

---

**1.** Debtors, though nominally preceding under § 522(f) are basically proceeding under § 544.

*See In re Einoder,* 55 Bankr. 319 (Bankr.N.D.Ill. 1985).

which states that "any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described." Ill.Rev.Stat. ch. 26 ¶ 9–110.

■ While this standard may allow very broad descriptions of collateral in a financing statement, collateral described in security agreements must be more accurate. The primary function of a financing statement is to put third parties on notice. A function of a security agreement is to minimize disputes over what collateral is covered by the agreement. Therefore, the description of collateral within a security agreement must be more comprehensive than the description in a financing statement. *Material Service Corp. v. Bogdajewicz*, 69 Ill.App.3d 742, 26 Ill.Dec. 227, 387 N.E.2d 1057 (1st Dist.1979); *In re Preston*, 52 B.R. 296 (Bankr.M.D.Tenn. 1985), *see generally*, Annotation, *Sufficiency of Description of Collateral in Security Agreement under U.C.C. §§ 9–110 and 9–203*, 100 A.L.R.3d 940, 979 (1980). *See also White & Summers*, Uniform Commercial Code 910 (2 ed. 1980).

■ Although the parties have not stipulated whether "Misc. Auto repair Equipment" includes equipment used in the course of a business or consumer goods, in either case, the description on the security agreement is inadequate to support a lien.[2] A third party would be unable to identify what is meant by "Misc. Auto repair Equipment" without additional information such as its location, and type of equipment. *See, e.g., Freeman v. Decatur Loan & Finance Corp.*, 140 Ga.App. 682, 231 S.E.2d 409 (1976) where the court held that the description of "1 Refrigerator, White, Philco" was insufficient because the description did not include its location.

Here, "Misc. Auto repair Equipment" is a similarly deficient description. Associates' collateral should have been described with greater particularity indicating what tools or equipment were covered by the security agreement or whether the security agreement included all such equipment now or hereafter acquired by the Debtors. Standing alone, the terms "Misc. Auto repair Equipment" is an incomplete description.

In addition, if the collateral has more than one purpose, for example a wrench that could be used for repairing the sink as well as repairing an automobile, establishing its identity is crucial so as to distinguish between the collateral and other similar property. *Aronson*, 47 Ill.App.3d at 653, 7 Ill.Dec. 776, 365 N.E.2d 61. *Midkiff*, 116 Ill.App.3d at 549, 71 Ill.Dec. 655, 451 N.E.2d 623. *See also* Ill.Ann.Stat. ch. 26 ¶ 9–110, Code Comment. Although a broad description may be appropriate when the subject matter has but one purpose or is easily identified, the same description is insufficient when the subject matter could have many purposes, or could be confused with other property not subject to the lien of a security agreement.

Finally, the Court notes that this case is distinguishable from *Interstate Steel Co. v. Ramm*, 108 Ill.App.3d 404, 64 Ill.Dec. 62, 438 N.E.2d 1381 (4th Dist.1982). In that case, the court held that a description of all merchandise at a specified address "and equipment now or hereafter affixed thereto or used in connection therewith" to manufacture fixtures was an adequate description. All the equipment subject to the security interest was used by the debtor to produce the merchandise and could easily be identified by its manufacturing capabilities.

NOW THEREFORE IT IS ORDERED that the Debtor's motion to avoid Associates' lien on "Misc. Auto repair Equipment" belonging to the Debtors' is hereby granted.

---

2. The evidence does not suggest that the Debtors were in the automobile repair business.