**Michael FOLEY, Plaintiff,**

v.

**WELLS FARGO BANK,
N.A., Defendant.**

**Case No. 11–62314–CIV.**

United States District Court,
S.D. Florida.

Feb. 17, 2012.

Yechezkel Rodal, Nicole Patricia Planell, Loan Lawyers, LLC, Plantation, FL, for Plaintiff.

Michael Keith Winston, Carlton Fields, P.A., West Palm Beach, FL, for Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s Motion to Dismiss Plaintiff's Amended Complaint [DE 20], filed herein on January 13, 2012. The Court has carefully considered the Motion, Response [DE 23], Reply [DE 30], and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff Michael Foley filed a Complaint [DE 1] against Defendant in state court on October 6, 2011. [DE 1–1] at pp. 5–7. Defendant removed the action to this Court on October 27, 2011 on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. On December 30, 2011, Plaintiff filed his Amended Complaint [DE 19], alleging a single cause of action for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*

Plaintiff's Amended Complaint alleges as follows:

At all times material hereto, Plaintiff owned a home, which is Plaintiff's primary residence, located at 630 SE 5 Terr., Pompano Beach, FL 33060 ("the residence"). [DE 19] at ¶ 6. Wells Fargo is and was the owner of a mortgage and note upon the residence. ¶ 7. The Promissory Note Plaintiff signed in connection with the mortgage is a consumer credit transaction within the meaning of, and subject to, TILA. ¶ 8. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. ¶ 2602(1).

In Count I—Violation of TILA § 131(g) [15 U.S.C. § 1641(g)], Plaintiff alleges that, at all relevant times, Wells Fargo was and is the creditor of the subject note and mortgage. ¶ 10. Additionally, at all relevant times, [non-party] Wells Fargo Home Mortgage, Inc. was and is the servicer of the subject note and mortgage. ¶ 11. At some time on or about October 7, 2010, the subject Note and mortgage securing same were sold or otherwise transferred to the Defendant by virtue of an Assignment of Mortgage and/or an indorsement on the note specifically indorsed without recourse to Wells Fargo. ¶ 12. Plaintiff alleges that Defendant did not send Plaintiff notice of the October 7, 2010 sale or transfer of the mortgage loan within 30 days pursuant to TILA § 131(g) [15 U.S.C. § 1651(g)]. Plaintiff alleges that pursuant to 15 U.S.C. § 1640(a), he is entitled to actual damages, statutory damages, costs, and attorney's fees. ¶ 14. Plaintiff also demands a trial by jury on all issues so triable. *See* [DE 19] at p. 4.

Defendant Wells Fargo moves to dismiss Plaintiff's Amended Complaint, asserting that Plaintiff fails to state a claim upon which relief can be granted. Defendant also moves to strike Plaintiff's jury trial demand.

## II. *DISCUSSION*

### A. Motion to Dismiss Standard

██ Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, pursuant to *Twombly,* to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555, 127 S.Ct. 1955. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993). In *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### B. Defendant's Motion

In its Motion to Dismiss, Defendant argues that Plaintiff's claim "mischaracterizes the nature of an assignment of mortgage to Wells Fargo by Mortgage Electronic Registration Systems ("MERS") which was executed on October 7, 2010." To its Motion, Defendant attaches two exhibits: an Assignment of Mortgage dated October 7, 2010 [DE 20–1] and a copy of the Mortgage dated January 22, 2007 [DE 20–2]. Defendant argues that these documents may be considered by the Court on a motion to dismiss because they are referenced in the Amended Complaint and are central to the claim, even though they are not attached to the Amended Complaint. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

### A. Failure to state a claim for violation of TILA § 131(g) [15 U.S.C. § 1641(g)]

Plaintiff's only claim against Defendant is for violation of TILA § 131(g) [15 U.S.C. § 1641(g)]. TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit" through the "meaningful disclosure of credit terms," thereby enabling consumers to become informed about the cost of credit. 15 U.S.C. § 1601(a). In addition to empowering the Federal Trade Commission to enforce its provisions, 15 U.S.C. § 1607(c), and imposing criminal liability on persons who wilfully and knowingly violate the statute, 15 U.S.C. § 1611, TILA creates a private cause of action for actual and statutory damages for certain disclosure violations, 15 U.S.C. § 1640(a). In particular, § 1641(g) reads as follows:

(g) Notice of new creditor

(1) In general

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the

debt shall notify the borrower in writing of such transfer, including—

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g).

Plaintiff alleges that Wells Fargo was and is the creditor of the subject note and mortgage. ¶ 10. At some time on or about October 7, 2010, the subject Note and mortgage securing same were sold or otherwise transferred to the Defendant by virtue of an Assignment of Mortgage and/or an indorsement on the note specifically indorsed without recourse to Wells Fargo. ¶ 12. Plaintiff alleges that Defendant did not send Plaintiff notice of the October 7, 2010 sale or transfer of the mortgage loan within 30 days pursuant to TILA § 131(g) [15 U.S.C. § 1651(g) ].

Defendant argues that Plaintiff is relying upon an assignment that is not subject to 15 U.S.C. § 1641(g). First, Defendant asserts that the October 2010 Assignment of Mortgage [DE 20–1] did not assign ownership of the debt to Wells Fargo, and therefore was not a transfer of the debt which would trigger the notice requirements under § 1641(g). Rather, Defendant claims that the October 2010 Assignment of Mortgage [DE 20–1] was merely a "transfer of the MERS interest in the Plaintiff's mortgage." *See* [DE 20] at p. 2.

According to Defendant, the October 7, 2010 Assignment of Mortgage [DE 20–1] assigns MERS's interest in the mortgage (a lien), not the Note (the debt). *See* [DE 20] at p. 4. Additionally, Defendant contends that the Note (the debt) was initially transferred to Wells Fargo prior to the May 2009 enactment of 15 U.S.C. § 1641(g). Defendant argues that § 1641(g) does not apply retroactively, and therefore any § 1641(g) claim arising from an assignment occurring prior to May 2009 must be dismissed. *See Michel v. Deutsche Bank Trust Company*, 2011 WL 4628691, at *5 (E.D.Cal. Oct. 3, 2011) ("There are several assignments of beneficial interest in this case. Given the timing of the law, the only one which Section 1641(g) applies to is the assignment from Saxon back to Deutsche recorded on September 7, 2010."); *Angelini v. Bank of America*, 2011 WL 2433485, at *5 (D.Or. April 27, 2011) ("As alleged by plaintiffs, all transfers and assignments of plaintiffs' mortgage loan occurred prior to May 20, 2009, thus, these transfers were not subject to the notice provision created by [this statute]"). The Note at issue contains two endorsements; one is a special endorsement by the originating lender American Brokers Conduit to Wells Fargo; the second is an endorsement in blank by Wells Fargo. [DE 10–1]. Defendant claims that the originating lender, American Brokers Conduit, filed for bankruptcy in 2007 and was liquidated in February of 2009.[1] Accordingly, Defendant asserts that any endorsement from American Brokers Conduit to Wells Fargo must have occurred prior to the May 2009 enactment of 15 U.S.C. § 1641(g).

---

1. Plaintiff argues that Defendant's arguments regarding the bankruptcy of American Brokers Conduit are outside the four corners of the Amended Complaint. *See* [DE 23]. However, the Court may "take judicial notice of the bankruptcy court's file and orders for the limited purpose of recognizing the judicial acts the orders represent and the subject-matter of the litigation." *Meruelo v. Robles*, 329 B.R. 350, 352 (S.D.Fla.2005), citing *In re Delta Resources, Inc.*, 54 F.3d 722, 726 (11th Cir.1995).

In Response, Plaintiff argues that Defendant has mischaracterized the October 7, 2010 Assignment. Rather, Plaintiff contends that its allegation in the Amended Complaint that "[a]t some time on or about October 7, 2010, the subject Note and mortgage securing same were sold or otherwise transferred to the Defendant by virtue of an Assignment of Mortgage and/or an indorsement on the note specifically indorsed without recourse to Wells Fargo" is sufficient to survive a motion to dismiss. *See* [DE 19] at ¶ 12. Plaintiff relies upon several district court cases that have reached the same conclusion advocated by Plaintiff. *See Squires v. BAC Home Loans Servicing, LP,* 2011 WL 5966948 (S.D.Ala. Nov. 29, 2011) (allegation in complaint that "beneficial interest in the Plaintiffs' mortgage and note was assigned to [defendant]" was sufficient to withstand defendant's arguments to the contrary at 12(b)(6) stage); *Schafer v. CitiMortgage, Inc.,* 2011 WL 2437267, *6 (C.D.Cal. June 15, 2011) (denying motion to dismiss § 1641(g) claim, explaining that "when MERS assigned or transferred any beneficial interest it had in the [deed of trust] and Note to Citi, Citi became the new creditor and would need to provide Plaintiff with" the required § 1641(g) disclosures).

█ In Reply, Defendant raises a new argument not raised in its Motion [DE 20], contending that Plaintiff's allegations in his Amended Complaint in this action regarding Wells Fargo's ownership of the Note directly contradict Foley's representations in concurrent state court litigation with Wells Fargo. Defendant argues that Plaintiff cannot provide any good reason for taking such diametrically opposed positions. Because it is improper for Defendant to raise this new argument in its Reply brief, the argument will not be considered. *See, e.g., Herring v. Secretary, Dep't of Corrections,* 397 F.3d 1338, 1342 (11th Cir.2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted); *Willis v. DHL Global Customer Solutions (USA), Inc.,* 2011 WL 4737909, *3 (S.D.Fla. Oct. 07, 2011) (collecting cases stating that it is inappropriate to raise new arguments in a reply brief and stating that courts in this district generally do not consider these arguments).[2]

█ The Court finds the reasoning of *Squires* persuasive in this case. Here, in his Amended Complaint, Plaintiff alleges that, at all relevant times, Wells Fargo was and is the creditor of the **subject note and mortgage.** ¶ 10. (emphasis added). At some time on or about October 7, 2010, the **subject Note and mortgage securing same** were sold or otherwise transferred to the Defendant by virtue of an Assignment of Mortgage and/or an indorsement on the note specifically indorsed without recourse to Wells Fargo. ¶ 12. (emphasis added). The Court is not free to disregard that factual allegation—which yields a plausible inference under *Twombly* and *Iqbal* that Defendant Wells Fargo, in fact, became Plaintiff's creditor when it obtained beneficial interest in both mortgage and note—merely because Defendant disputes it. Moreover, the Assignment of Mortgage [DE 20–1] certainly does not contradict Plaintiff's allegations in the Amended Complaint that both the note and the mortgage were transferred to Defendant. Additionally, the Court declines Defendant's invitation to speculate that

2. Based on the nonmovant's lack of opportunity to rebut them, the Court will not consider arguments first raised in a Reply brief. Moreover, even if the Court were to consider Defendant's argument, the Court would find that this argument is not appropriate for a motion dismiss, and is better considered at the summary judgment stage.

any endorsement from American Brokers Conduit to Wells Fargo must have occurred prior to the May 2009 enactment of 15 U.S.C. § 1641(g), particularly when the assignment from MERS as nominee for American Brokers Conduit occurred in October of 2010. *See* [DE 20–1].

Accordingly, Defendant's motion to dismiss Plaintiff's § 1641(g) claim pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim shall be denied.

### B. *Failure to state a claim for damages under 15 U.S.C. § 1641(g)*

Second, Defendant argues that Plaintiff has also failed to plead damages sufficient to state a claim under § 1641(g).

15 U.S.C. § 1640(a) provides for civil liability for certain TILA violations. In particular, that section states that any creditor that fails to comply with the notice requirement imposed by § 1641(g) "is liable to such person in an amount equal to the sum of—

"(1) any actual damage sustained by such person as a result of such failure; [and]
"(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, ... or (iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000."

15 U.S.C. § 1640(a). In the Amended Complaint, Plaintiff alleges that, pursuant to 15 U.S.C. § 1640(a), he is entitled to actual damages, statutory damages, costs, and attorney's fees. [DE 19] at ¶ 14.

Defendant contends that Plaintiff's failure to allege sufficient facts showing actual damages under § 1641(g), or to plead any finance charges associated with statutory damages, mandates dismissal of Plaintiff's claim. Defendant relies upon a handful of district court opinions, all outside of the Eleventh Circuit, that have addressed this issue in the few years that § 1641(g) has been in effect. *See Byrd v. Guild Mortg. Co.*, 2011 WL 6736049, at *5 (S.D.Cal. Dec. 20, 2011) (no valid claim under 15 U.S.C. § 1641(g) where the plaintiff fails to allege that he or she suffered any actual damages or incurred any finance charges related to the failure to provide notice); *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688 (N.D.Tex. Aug. 16, 2011) (plaintiff did not state a plausible claim for relief under TILA because he did not adequately plead actual damages or statutory damages); *Borowiec v. Deutsche Bank Nat. Trust Co.*, 2011 WL 2940489 (D.Hawai'i Jul. 19, 2011) (holding that TILA claim was not stated where plaintiff did not adequately show that damages resulted from lender's failure to provide notice of assignment under § 1641(g)(1)); *Beall v. Quality Loan Serv. Corp.*, 2011 WL 1044148, at *6 (S.D.Cal. Mar. 21, 2011) (accord).

■ Plaintiff counters that the failure to adequately allege actual damages or to allege finance charges are insufficient grounds for dismissal of a claim for violation of § 1641(g). Plaintiff notes that TILA is a remedial consumer protection statute that courts must construe liberally in the consumer's favor in order to serve Congress' intent. *See Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1068 (11th Cir.2004); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th Cir. 1998). Moreover, Plaintiff argues that there are other equally persuasive district court opinions whose holdings directly contradict those cases relied upon by Defendant. *See Squires v. BAC Home Loans Servicing, LP*, 2011 WL 5966948 (S.D.Ala. Nov. 29, 2011) (adopting the reasoning in *Brown, infra,* and rejecting defendant's asserting that actual damages are necessary to state a claim under TILA for a

§ 1641(g) violation); *Vogan v. Wells Fargo Bank, N.A.*, 2011 WL 5826016 (E.D.Cal. Nov. 17, 2011) (denying motion to dismiss § 1641(g) claim because, even if plaintiff not entitled to actual damages based upon allegations in complaint, plaintiff still pleaded entitlement to attorney's fees and statutory damages); *Brown v. CitiMortgage, Inc.*, 817 F.Supp.2d 1328 (S.D.Ala. 2011) (denying motion to dismiss § 1641(g) claim, holding that "[t]he right of a TILA plaintiff to recover statutory damages, irrespective of the presence or absence of actual damages, is firmly entrenched in the case law" and, moreover, that "defendant's position that statutory damages are unavailable under TILA in the absence of related finance charges is unavailing for no fewer than five reasons"); *Stephenson v. Chase Home Fin. LLC,* 2011 WL 2006117 (S.D.Cal. May 23, 2011) (failure to allege actual damages is insufficient ground for dismissal because in addition to actual damages, plaintiffs are entitled to statutory damages pursuant to 15 U.S.C. Section 1640(a)(2)(A)(iv)).[3]

■ The parties concede that there are no circuit court of appeal decisions addressing this issue, and there is clearly a split amongst the district courts that have addressed it. Upon consideration of the reasoning of the courts in the above-cited cases, the Court is persuaded by and adopts the analysis of the district court in *Brown v. CitiMortgage, Inc.*, 817 F.Supp.2d 1328 (S.D.Ala.2011). In that opinion, the court first explained that the defendant's legal theory regarding proof of actual damages was entirely without merit because "[t]he right of a TILA plaintiff to recover statutory damages, irrespective of

the presence or absence of actual damages, is firmly entrenched in the case law." *Id.* at 1331. The court relied upon the text of 15 U.S.C. § 1640(a), as well as the Eleventh Circuit's holdings in *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1026 (11th Cir.2001) ("statutory damages provide at least a partial remedy for all material TILA violations") and *In re Whitley,* 772 F.2d 815, 817 (11th Cir.1985) (for TILA violations, "statutory civil penalties must be imposed ... regardless of the district court's belief that no actual damages resulted or that the violation is de minimis") (citation omitted).

Next, the *Brown* court carefully reasoned that the plaintiffs were still eligible for the statutory damages sought in their complaint, even though they did not allege that a finance charge was levied related to the alleged § 1641(g) violation. *See Brown,* 817 F.Supp.2d at 1332–37. In reaching this conclusion, the court relied upon, amongst other reasons, (1) the Supreme Court precedent of *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 367, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973) (interpreting a previous iteration of § 1640 and ruling that imposition of the minimum sanction is proper in cases where a regulation requiring disclosure is violated but the finance charge is nonexistent or undetermined); (2) a careful reading of the statutory language itself, which sets the minimum statutory penalty of $400 for loans secured by real property; (3) the Eleventh Circuit's emphasis of "the strong remedial purpose of TILA," *see, e.g., Bragg,* 374 F.3d at 1068; *Ellis,* 160 F.3d at 707, which cautions against reading

---

3. Plaintiff also cites to state court cases addressing damages for TILA violations. *See Manley v. Wichita Business College,* 237 Kan. 427, 440–41, 701 P.2d 893 (Kan.1985) (for TILA violation, if there is no way to determine the finance charge, the consumer is still entitled to recover the minimum civil penalty);

*Corn v. Culpepper Sales,* 150 Ga.App. 197, 257 S.E.2d 324, 326 (1979) ("Any creditor who fails to comply with any requirement imposed by the Truth in Lending Act is subject to a civil penalty even though no finance charge is involved.").

§ 1640(a) so narrowly as to bar TILA causes of action for disclosure violations, particularly in light of the minimum floor set forth in the text of the statute; (4) the practical effect that defendant's interpretation would likely result in statutory damages never being available for § 1641(g) violations because "[i]t is difficult to imagine a circumstance where a finance charge would be 'levied related to the alleged § 1641(g) violation.'"

The Court hereby adopts the reasoning of the district court in *Brown.* Accordingly, the Court finds Defendant's position that Plaintiff's § 1641(g) must be dismissed for failure to allege sufficient facts showing actual damages, or to plead any finance charges associated with statutory damages, to be unavailing. Therefore, Defendant's motion to dismiss on the basis that Plaintiff failed to set forth a sufficient claim for damages under § 1641(g) shall be denied.

#### C. Motion to Strike Plaintiff's Jury Trial Demand

■ Third, Defendant argues that the Court should strike Plaintiff's jury trial demand pursuant to Federal Rule of Civil Procedure 12(f). Pursuant to Section 25 of the operative mortgage contract, Plaintiff expressly and affirmatively waived his right to a trial by jury "in any action, proceeding, claim, or counterclaim ... arising out of or in any way related to this Security Instrument or the Debt Instrument."

Plaintiff concedes that his mortgage with his original lender contains such language; however, Plaintiff argues that the subject action for failure of Defendant to comply with the notice provisions of TILA does not arise out of the note or mortgage. Accordingly, Plaintiff argues that the jury waiver contained in the mortgage does not apply.

Defendant counters that Plaintiff's argument ignores the language of the waiver, which applies not only to actions "arising" out of the Note and Mortgage, but also to actions "in any way related" to the Note and Mortgage. Defendant argues that, because Plaintiff repeatedly references the Note in both his Amended Complaint [DE 19] and Response to Motion to Dismiss [DE 23], he cannot convince the Court that the instant action does not relate "in any way" to the subject loan documents.

The Court agrees with Defendant. The relationship between Plaintiff and Defendant arose from an alleged assignment of the subject loan documents. While Plaintiff's claim for violation of TILA likely does not "arise out of" the loan documents, the Court concludes that the "in any way related to" provision of the jury trial waiver does encompass the instant action. Accordingly, the jury waiver necessarily applies. Defendant's motion to strike Plaintiff's jury trial demand shall be granted.

### III. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint [DE 20] is hereby **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's motion to dismiss Plaintiff's § 1641(g) claim pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim is hereby **DENIED;**

2. Defendant's motion to dismiss Plaintiff's § 1641(g) claim for failure to sufficiently plead damages is hereby **DENIED;**

3. Defendant's motion to strike Plaintiff's jury trial demand is hereby **GRANTED.**