**FLORIDA COLLEGE OF OSTEOPATH-IC MEDICINE, INC., a Florida Not–For–Profit Corporation, Plaintiff,**

v.

**DEAN WITTER REYNOLDS INC., Defendant.**

**No. 97–720–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

July 8, 1998.

---

Brent Allan Rose, Orsini & Rose, P.A., St. Petersburg, FL, for plaintiff.

Bradford D. Kaufman, Joseph C. Coates, III, Steel, Hector & Davis, West Palm Beach, FL, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER

KOVACHEVICH, Chief Judge.

**This cause** comes before the Court on Defendant, Dean Witter Reynolds, Inc., ("Dean Witter")'s Motion For Reconsideration of Court's Order Denying Motion to Dismiss Amended Complaint, (Docket No. 41), and Plaintiff, Florida College of Osteopathic Medicine, Inc. ("FCOM")'s, responsive Memorandum of Law in Opposition to the Defendant's Motion for Reconsideration of Court's Order Denying Motion to Dismiss Amended Complaint. (Docket No. 45).

### STATEMENT OF THE CASE

FCOM was established in 1993 to operate a medical osteopathic college in the State of Florida. After FCOM's establishment, it's board of directors (hereinafter "the board") sought funding for the construction of it's college. The board, chose to obtain FCOM's funding. through a bond issue to be underwritten by Dean Witter.

FCOM claims that the board's decision was based upon the representation made by Robert Mulcay (hereinafter Mr. Mulcay), the Managing Director of Municipal Finance for Dean Witter, as agent and representative of Dean Witter. FCOM asserts that Mr. Mulcay advised the board not to contact any other bonding company, as Dean Witter's commitment was firm. FCOM also assert Mr. Mulcay provided the board with information regarding the selection of architects, contractors, and engineers, as well as, advising the board on how to work with the local city officials with the proposed plant of the college.

Further, FCOM states that Mr. Mulcay made oral statements to persons involved with the formation of the college, that Dean Witter would underwrite, sell or purchase the bond used for funding FCOM. FCOM claims that the board relied on these representations by not seeking other firms to underwrite the bond, hiring personnel, expending FCOM funds, and taking other actions necessary to the establishment of a medical college.

On January 14, 1994, Mr. Mulcay and FCOM's President and Chief Executive Officer executed a letter of agreement (labeled exhibit "A" to the Complaint) confirming the appointment of Dean Witter, to serve as Investment Banker to FCOM, to underwrite the proposed bond issue, as required to fund the new college facilities and expenses. FCOM argues that this letter of agreement

was binding on FCOM to appoint Dean Witter to underwrite the bond, and binding on Dean Witter to underwrite the bond. (Docket No. 2). FCOM filed a complaint on February 26, 1997, alleging the following causes of action against Dean Witter: Count I-breach of contract; Count II-detrimental reliance; Count III-negligent misrepresentation; and Count IV-fraudulent misrepresentation. (Docket No. 2).

Dean Witter filed a Dispositive Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that FCOM failed to state a claim upon which relief could be granted. (Docket No. 9). Subsequently, Dean Witter filed an alternative Motion for Summary Judgment against FCOM, to which no response was filed. (Docket No. 26). Upon FCOM's failure to respond to Dean Witter's Motion for Summary Judgment, this Court entered an Order to Show Cause (Docket No.27). A response was not filed and the Court proceeded to consider the motions.

On November 17, 1997, this Court entered an Order granting Defendant's Motion for Summary Judgment as to Count I (Breach of Contract), Count II (Detrimental Reliance), and Count III (Negligent Misrepresentation), but denied Dean Witter's Motion for Summary Judgment as to Count IV (Fraudulent Misrepresentation), and allowed FCOM to file an amended complaint. (Docket No. 28).

FCOM next filed an amended complaint in an attempt to state with particularity the alleged fraudulent misrepresentation by Dean Witter. (Docket No. 32). Dean Witter filed a Motion to Dismiss the amended complaint of FCOM and alleged that FCOM's fraudulent misrepresentation claim was barred by the Statute of Frauds and a response was filed. (Docket No. 33). Dean Witter subsequently filed a Motion for Leave to File a Reply Memorandum in Support of its Dispositive Motion to Dismiss (Docket No. 39), and a Motion for Reconsideration of the Court's Order Denying Motion to Dismiss Amended Complaint (Docket No. 41), again asserting that FCOM's claim was barred by the Statute of Frauds.

FCOM filed a Memorandum of Law in Opposition to Defendant's (Second) Dispositive Motion to Dismiss (Docket No. 38), and a Memorandum of Law in Opposition to Defendant's Motion for Reconsideration of Court's Order Denying Motion to Dismiss Amended Complaint (Docket No. 45).

### STANDARD OF REVIEW

■■■ A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Cover v. Wal-Mart Stores, Inc.,* 148 F.R.D. 294 (M.D.Fla.1993). As such, a motion to reconsider should raise new issues, not merely readdress issues previously litigated. Furthermore, courts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *See Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981).

In this case, Defendant argues that in denying Dean Witter's motion to dismiss the amended complaint, this Court overlooked controlling authority from the Eleventh Circuit and Florida Supreme Court. (Docket No. 41).

### DISCUSSION

In its Motion to Dismiss, Dean Witter argues that FCOM sought to enforce Dean Witter's alleged promise to purchase securities despite the fact that the purported "agreement" was barred by the Statute of Frauds. Dean Witter asserts that the Statute of Frauds, at Section 678.319, Florida Statutes, required that an agreement to purchase securities, like the alleged bond underwriting "agreement" in the complaint, must have been: (1) in writing, (2) signed by Dean Witter, (3) state the quantity of the securities to be purchased, and (4) state the price of the securities to be purchased by Dean Witter. Because the purported underwriting "agreement" did not contain half of the essential elements (quantity and price), the contract claim was barred by the Statute of Frauds. (Docket No. 9). Dean Witter further argues in its Motion to Dismiss that FCOM's claims based on Dean Witter's supposed failure to

perform the alleged "agreement" was barred by the Economic Loss Rule. (Docket No. 9).

In its memorandum, FCOM agreed that the agreement between the parties, attached to the complaint as Exhibit "A", did not meet the requirements of Florida Statute § 678.319, Florida's codification of the statute of frauds involving the sale of securities. However, FCOM argues that Florida's general statute of frauds not involving the sale of goods, Florida Statute § 725.01, was met. (Docket No. 14). FCOM asserts that the agreement between FCOM and Dean Witter was not a contract for the sale of securities; it was merely a collateral agreement in which Dean Witter agreed to underwrite a bond at some future date. (Docket No. 14). Further, FCOM argues that its claims were not barred by the Economic Loss Rule because the fraud claim was not based solely on the breached agreement. The complaint alleged a series of statements and actions fraudulently inducing FCOM into excluding other entities as potential underwriters. (Docket No. 28).

In its Order dated November 17, 1997, this Court found that in the complaint Dean Witter agreed to "underwrite, sell or purchase the bond used for funding FCOM" through a letter of agreement executed by Dean Witter's Managing Director and FCOM's President and Chief Executive Officer. (Docket No. 28). The letter of agreement was in writing and was signed by both parties. However, the agreement did not state the quantity of the securities (bond) to be purchased, nor the price of the securities to be purchased by Dean Witter, two of the four essential elements of the Statute of Frauds. (Docket No. 28). This Court ultimately determined that in the responses to the Interrogatories, as attached to the Motion for Summary Judgment, FCOM specifically admitted that it brought this suit to enforce the letter of agreement under which Dean Witter would purchase FCOM's bonds and that it relied on statements made by Mr. Mulcay that Dean Witter would underwrite, sell or purchase FCOM's bond issue. Based on the foregoing, this Court found that the letter of agreement between FCOM and Dean Witter was unenforceable as it did not comply with the Statute of Frauds and therefore barred Counts I and II.

This Court also determined that as to Count III, FCOM's claim for negligent misrepresentation was precluded by the Florida Economic Loss Rule because the parties' relationship was controlled by the contract, and FCOM failed to allege conduct separate from a breach of contract. (Docket No. 28). This Court found that the alleged harm caused by the breach of contract was the very same harm alleged to exist as a result of the negligent misrepresentation. There was no pleading of additional conduct that amounted to an independent tort that such breach constituted negligence. The causes of action for breach of contract and negligent misrepresentation arose out of the same alleged agreement and resulted in the same damages, and therefore were barred by the Economic Loss Rule. (Docket No. 28).

This Court allowed Count IV (fraudulent misrepresentation), to stand because FCOM's complaint stated that Dean Witter made representations that were known to be false and made for the purpose of inducing FCOM to refrain from seeking other firms to underwrite the bond. (Docket No. 2). This Court determined that an alleged fraudulent inducement would stand as an independent tort and would not be precluded by the Economic Loss Rule. (Docket No. 28). However, this Court stated that FCOM should amend its complaint to state with particularity the alleged fraudulent inducement claim. (Docket No. 28).

In Dean Witter's Motion for Reconsideration of Court's Order Denying Motion to Dismiss Amended Complaint, Dean Witter alleges that FCOM's fraudulent inducement claim is barred by the Statute of Frauds. (Docket No. 41). Dean Witter argues that this Court overlooked controlling authority from the Eleventh Circuit and Florida Supreme Court holding that a party may not maintain a claim for fraudulent inducement when the contract is unenforceable under the Statute of Frauds. *See Pelletier v. Stuart–James Co., Inc.*, 863 F.2d 1550, 1555–56 (11th Cir.1989) ("[T]he law is clear that an action for fraud may not be predicated on inducing a party to enter an unenforceable contract."); *Canell v. Arcola Housing Corp.*, 65 So.2d 849, 851 (Fla.1953). Dean Witter's position

is that the law does not permit FCOM to maintain a fraud claim under the circumstances of this case because the alleged underwriting agreement was not in writing as required by the Statute of Frauds. *See Pelletier,* 863 F.2d at 1555–56.

In FCOM's Memorandum of Law in Opposition to Defendant's Motion for Reconsideration of Court's Order Denying Motion to Dismiss Amended Complaint, FCOM argues that Dean Witter seeks rehearing of a matter clearly dealt with by this Court in its Order dated November 17, 1997. (Docket No. 45). FCOM asserts that Dean Witter has made a series of misrepresentations, and the "agreement" is only one. (Docket No. 45).

In its Order dated November 17, 1997, this Court, applying the decision in *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.,* 685 So.2d 1238, 1239 (Fla.1996), found that:

"The economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract."

*Id.*

This Court again applying the decision in *HTP,* held in its Order dated November 17, 1997, that "fraudulent inducement is an independent tort in that it required proof of facts separate and distinct from breach of contract." *See HTP* at 1239. Because FCOM alleged in its initial complaint that Dean Witter made representations that were known to be false and made for the purpose of inducing FCOM to refrain from seeking other firms to underwrite the bond, this Court determined that an alleged fraudulent inducement could stand as an independent tort and might not be precluded by the Economic Loss Rule. (Docket No. 28). This Court ultimately determined that FCOM failed to specifically allege the content of the misrepresentations, when the misrepresentations were said, and to whom the misrepresentations were made. (Docket No. 28). As such, the allegations were patently insufficient, and this Court dismissed Count IV, with leave to amend.

In its Amended Complaint, FCOM asserts a series of misrepresentations on the part of Dean Witter, alleging that FCOM's fraudulent inducement claim was not based solely upon the agreement, but upon a *series of misrepresentations.* (Amended Complaint, Docket No. 32, ¶¶ 6 through 21). FCOM claims that the Statute of Frauds is inapplicable and the Economic Loss Rule applies because FCOM's claim for fraudulent inducement is not based solely upon the agreement.

In *Serina v. Albertson's, Inc.,* 744 F.Supp. 1113, 1117–8 (M.D.Fla.1990), this Court held that where the facts surrounding a breach of contract action are indistinguishable from an alleged tort, and where the alleged tort does not cause harm distinct from that caused by the breach of contract, a plaintiff is barred from bringing a separate tort action. "It is only when the breach of contract is attended by some additional conduct which amount to an independent tort that such breach can constitute negligence." *See Accord Electronic Security Systems Corp. v. Southern Bell Telephone and Telegraph Co.,* 482 So.2d 518, 519 (Fla.App.3d Dist.1986).

This Court finds that FCOM's fraudulent misrepresentation claim is barred by the Economic Loss Rule because the claims are factually "interwoven" with the breach of contract claim. *See Benedict Feeding Co., Inc., v. Priest,* 1997 WL 75605 (M.D.Fla. 1997). The allegations in the amended complaint (Docket No. 32), are patently indistinguishable from those actions based on a breach of contract. There has been no pleading of additional conduct that amounts to an independent tort, and as such Count VI (fraudulent misrepresentation), is barred by the Economic Loss Rule. Therefore, dismissal with prejudice is warranted. Accordingly, it is

**ORDERED** that Dean Witter's Motion for Reconsideration of Court's Order Denying Motion to Dismiss Amended Complaint (Docket No. 41) be **granted;** Count VI (fraudulent misrepresentation) is dismissed with prejudice; and the Clerk of Court **shall** enter judgment accordingly; all causes of

action have been dismissed with prejudice at this time.