Andrze J. MADURA and Anna Dolinska–Madura, Plaintiffs,

v.

BAC HOME LOANS SERVICING L.P., et al., Defendants.

Case No. 8:11–cv–2511–T–33TBM.

United States District Court, M.D. Florida, Tampa Division.

Feb. 22, 2012.

Order Denying Rehearing April 11, 2012.

Order Denying Motion to Amend June 18, 2012.

Andrzej Madura, Bradenton, FL, pro se.

Anna Dolinska-Madura, Bradenton, FL, pro se.

Christopher S. Carver, Stacy J. Harrison, Brendan I. Herbert, Akerman Senterfitt, Miami, FL, for Defendants.

## ORDER

VIRGINIA M. HERNANDEZ COVINGTON, District Judge.

This matter comes before the Court pursuant to Defendant Bank of America's Motion to Strike Jury Demand (Doc. # 33), which was filed on January 18, 2012. Pro se Plaintiffs filed a Response in Opposition to the Motion (Doc. # 40) on February 1, 2012. The Court grants the Motion for the reasons that follow.

## I.  Background

Plaintiffs, the Maduras, sue Defendants under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.  On July 26, 2000, the Maduras voluntarily executed a note and mortgage to refinance their home.

The twelve-page mortgage contains a jury trial waiver provision at paragraph 25, which states: "**Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. # 33–1 at 11, ¶ 25).[1] The Maduras initialed the page containing the waiver and signed the next page, the final page of the mortgage. The jury trial waiver is in the same size font as the rest of the document and is the last paragraph before the Maduras' respective signatures.

Despite the presence of the jury trial waiver, the Maduras have demanded a jury trial. Defendant Bank of America moves to strike the jury demand.

## II. *Legal Standard*

■■■ The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amd. VII. The Supreme Court noted in *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564–65, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990), "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the upmost care." Nevertheless, it is beyond dispute that a party may waive his right to a jury trial so long as the waiver is knowing and voluntary. *Bakrac, Inc. v. Villager Franchise Sys., Inc.,* 164 Fed.Appx. 820,

823 (11th Cir.2006). In addition, absent a showing of fraud or mental incompetence, a party who signs a contract cannot avoid his obligation under the contract simply by showing that he did not read what he signed. *Coleman v. Prudential Bache Sec., Inc.,* 802 F.2d 1350, 1352 (11th Cir. 1986).

## III. *Analysis*

■■■ As the Maduras have argued that their jury trial waiver was not knowingly and voluntarily made, the Court will address the following factors: (1) the conspicuousness of the waiver provision; (2) the parties' relative bargaining power; (3) the sophistication of the party challenging the waiver; and (4) whether the terms of the contract were negotiable. *Id.* at 824. No single factor is conclusive, and "[i]n making a determination, the Court is not bound by the number of factors that have been satisfied." *Hancock v. Deutsche Bank,* No. 8:09–cv–1724–T–27EAJ, 2006 WL 6319816, at *1, 2006 U.S. Dist. LEXIS 79805, at *4 (M.D.Fla. Oct. 23, 2006). Rather, the Court asks whether, "in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn v. W. United Life Assur. Co.,* 347 F.Supp.2d 1246, 1252 (M.D.Fla.2004).

First, the Court determines that the jury trial waiver is conspicuous. It is contained in its own separate paragraph. It is located on page eleven of the twelve-page mortgage and directly precedes the Maduras' signatures. The jury trial waiver is in a typeface and style consistent with the rest of the document and is not ob-

---

1. Both Bank of America and the Maduras state in the pleadings that Mr. Madura is the sole "Borrower;" however, these assertions are belied by the mortgage in the Court's file. That notarized mortgage, signed by both Mr. and Mrs. Madura, defines "Borrower" as Andrze J. Madura *and* Anna Dolinska–Madura. (Doc. # 33–1 at 2). In the instance that a different mortgage is applicable, the parties are directed to furnish the same to this Court forthwith.

scured by other language. It is not hidden in a footnote. In addition, the jury trial waiver is written in clear and unambiguous language, rather than in "legalese." *See Allyn,* 347 F.Supp.2d at 1252 (finding waiver provision to be conspicuous when it was located in the last numbered paragraph near the end of the document and contained straightforward, understandable language).

The Maduras assert that other factors, such as their limited familiarity with the English language, render the jury trial waiver unconscionable or otherwise unfair. The Court has considered these arguments and determines that they lack merit. It may be true that, when compared to Bank of America, the Maduras were "unsophisticated;" however, the Maduras were under no obligation to refinance their home. As stated in *Collins v. Countrywide Home Loans, Inc.,* 680 F.Supp.2d 1287, 1295 (M.D.Fla.2010), "[A] term in a contract waiving a party's right to a jury trial is not unenforceable even though one party to a contract is a large corporation and the other party is simply an individual who is in need of the corporation's services." Here, the Maduras indicate that they needed the refinance money to pay for their daughter's graduate school tuition at Barry University in Miami, Florida. Such circumstances do not militate in favor of holding the jury trial waiver unenforceable. *See Milsap v. Cornerstone Residential Mgmt., Inc.,* No. 05–cv–60033, 2007 WL 965590, 2007 U.S. Dist. LEXIS 22252 (S.D.Fla. Mar. 27, 2007) (finding that a single mother with two small children in need of housing could have walked away from an apartment lease containing a jury trial waiver if she found the lease terms unacceptable).

Furthermore, to the extent that the Maduras assert that they were unable to negotiate, the Court agrees with Bank of America that "no circumstances prevented the Maduras from walking away from the mortgage loan they were offered if they did not want to waive their right to a jury trial." (Doc. # 33 at 6). In this case, nothing in the pleadings leads the Court to believe that the balance of the bargaining power tipped heavily against the Maduras. Although the Maduras allege that they were rushed through the signing of the mortgage and that their translator did not show up to the closing, nothing in the pleadings hints at the possibility that the Maduras could not have simply walked away from the deal—a strong bargaining chip—if they found the deal, or the circumstances of the closing, to be unacceptable. The Maduras did not walk away from the transaction, rather they signed the mortgage and bound themselves to all of the terms contained therein.

Courts routinely and regularly enforce jury trial waivers found in loan agreements. *See, e.g., Anderson v. Apex Fin. Group, Inc.,* No. 8:08–cv–949–T–30MSS, 2008 WL 2782684, 2008 U.S. Dist. LEXIS 111449 (M.D.Fla. July 16, 2008) (enforcing a conspicuous jury trial waiver contained in a mortgage). This case is no exception. The Court has not been supplied with evidence tending to show that the waiver was unconscionable, contrary to public policy, or simply unfair. Accordingly and upon due consideration of the individual factors noted above as well as the totality of the circumstances, the Court grants the Motion and strikes the Maduras' jury demand.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Bank of America's Motion to Strike Jury Demand (Doc. # 33) is **GRANTED.**

## ORDER

This cause comes before the Court pursuant to Plaintiffs' Motion for Rehearing (Doc. # 52), which was filed on March 5, 2012. Defendant filed a Response in Opposition to the Motion for Rehearing (Doc. # 54), and Plaintiffs filed a Reply Memorandum (Doc. # 64), with leave of Court, on March 20, 2012. For the reasons that follow, the Court denies the Motion for Rehearing.

### I. *Legal Standard*

"A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.,* 12 F.Supp.2d 1306, 1308 (M.D.Fla.1998). Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." *Lamar Adver. of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 489 (M.D.Fla.1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Fla. Coll. of Osteopathic Med., Inc.,* 12 F.Supp.2d at 1308.

Further, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." *Ludwig v. Liberty Mut. Fire Ins. Co.,* No. 8:03–cv–2378–T–17MAP, 2005 WL 1053691, at *3, 2005 U.S. Dist. LEXIS 37718, at *9–10 (M.D.Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." *Id.* at *4, 2005 U.S. Dist. LEXIS 37718 at *11. (citation omitted).

### II. *Analysis*

On January 18, 2012, Defendant moved to strike Plaintiffs' jury demand. (Doc. # 33). Therein, Defendant correctly argued, "The Maduras contractually waived their right to a jury trial when they obtained a mortgage loan that is the subject of this action" because such loan contained a "clear and unequivocal" jury trial waiver. *Id.* at 1. The Court granted the Motion to Strike Jury Demand in a detailed Order filed February 22, 2012. (Doc. # 50).

In the Order striking the jury demand, the Court determined that the mortgage in question contains a jury trial waiver provision at paragraph 25, which states: **"Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. # 50 at 1–2 *citing* Doc. # 33–1 at 11, ¶ 25). The Court found that the Maduras initialed the page containing the waiver and signed the next page, the final page of the mortgage. *Id.* The jury trial waiver is in the same size font as the rest of the document and is the last paragraph before the Maduras' respective signatures.

The Court considered numerous factors, including but not limited to the conspicuousness of the waiver and the relative bargaining power of the parties, and determined that it was appropriate to strike the jury demand.

At this juncture, Plaintiffs seek reconsideration of the Court's Order. However, Plaintiffs have not come forward with a change in controlling law or new

evidence. Nor have Plaintiffs demonstrated that reconsideration is needed to prevent clear error or manifest injustice. Rather, Plaintiffs appear to argue that Mrs. Madura is not subject to the jury trial waiver because she is not a borrower under the present mortgage. The Court rejected this argument in its initial Order striking the jury demand and rejects the argument at this juncture in the context of Plaintiffs' Motion for Rehearing. Plaintiffs' operative Complaint alleges that Mrs. Madura is a borrower. (Doc. #2 at ¶ 5(a)). In addition, the mortgage before the Court, signed by both Plaintiffs, defines "Borrower" to mean "Andrze J. Madura ... and Anna Dolinska–Madura." (Doc. #33–1 at 2).

Plaintiffs, however, indicate that the "Court overlooked the Plaintiffs' arguments submitted on pages 9–10 of their Response and Objections (Doc. #40), where Plaintiffs clearly and expressly submitted that State Court's Final Judgment against Mrs. Anna Dolinska–Madura, was based upon a finding that *Anna Dolinska Madura is not a 'Borrower'* pursuant to § 617.14(2), Fla. Stat." (Doc. #52 at 1–2) (emphasis in original). Plaintiffs' reference to the holdings of other courts finding that Mrs. Madura is not a borrower is not dispositive of the present case. In addition, Plaintiffs' assertion that other courts have considered and finally held that Mrs. Madura is not a borrower begs the question of why the present suit is currently pending.

In conclusion, the Court finds that the present Motion is a mere rehash of issues this Court has already addressed. As noted above, a motion for reconsideration is not the proper vehicle for a party to vent his dissatisfaction with a Court's Order.

Accordingly, the Court denies the Motion for Rehearing.

Accordingly, it is hereby

**ORDERED, ADJUDGED, and DECREED:**

Plaintiffs' Motion for Rehearing (Doc. #52) is **DENIED.**

## *ORDER*

This matter is before the Court pursuant to Plaintiffs/Counter–Defendants Petition for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) and Motion to Amend Order Granting Bank of America's Motion to Strike Jury Trial and Order Denying Rehearing (Doc. #82), which was filed on May 9, 2012. Bank of America filed a Response in Opposition (Doc. #113) on June 6, 2012. For the reasons that follow, the Court denies the Motion.

### I.  *Background*

On February 22, 2012, this Court entered an Order granting Bank of America's Motion to Strike Jury Demand. (Doc. #50). Plaintiffs sought reconsideration (Doc. #52), and this Court denied the Motion for Reconsideration on April 11, 2012. (Doc. #67). Plaintiffs now seek a certification of interlocutory appeal.

### II.  *Analysis*

If a trial court enters an order from which an appeal is not permitted pursuant to 28 U.S.C. § 1292(a), the court may grant 28 U.S.C. § 1292(b) certification, which would allow the order to be appealed.[1] Plaintiffs request such a certification in this case.

---

1. 28 U.S.C. § 1292(a) defines the jurisdiction of the federal court of appeals and lists the specific types of orders from which appeals may be taken. 28 U.S.C. § 1292(b), on the other hand, states:

■ However, even if this Court were to grant a Section 1292(b) certification concerning its order striking Plaintiffs' jury demand, the Eleventh Circuit would be under no obligation to consider an appeal of any portion of the Order. *Tidewater Oil Co. v. United States,* 409 U.S. 151, 167, 93 S.Ct. 408, 34 L.Ed.2d 375 (1972) (application of 28 U.S.C. § 1292(b) is "subject to the judgment and discretion of the district court and the court of appeals.") *See also McFarlin v. Conseco Servs.,* 381 F.3d 1251, 1259 (11th Cir.2004) ("the court of appeals has discretion to turn down a § 1292(b) appeal. And we will sometimes do so. The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it.").

The Supreme Court has noted, "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar v. Lewis,* 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). The Eleventh Circuit has also enunciated a strong presumption against interlocutory appeals. *See McFarlin,* 381 F.3d at 1259 ("Because permitting piecemeal litigation is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.").

■ District courts may grant motions for certification for interlocutory appeal pursuant to Section 1292(b) when an order addresses a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The balance of these factors militates against granting leave to appeal in this case.

■ As explained in *In re Celotex Corp.,* No. 8:09–cv–2444–TEAK, 2010 WL 2871075, at *1, 2010 U.S. Dist. LEXIS 73072, at *5 (M.D.Fla. July 20, 2010), "An issue is characterized as a controlling question of law if it deals with a question of pure law, or matters that can be decided quickly and cleanly without having to study the record." The issues identified are neither subject to quick resolution nor are they poised for "clean" disposition by any means. Furthermore, this Court is of the opinion that due to the complex litigation history between the parties, the issues raised in the present Motion cannot be decided without reference to the record. In addition, while there may, in fact, be some grounds for difference of opinion concerning the resolution of the issues raised, the Court determines that proceeding to trial, rather than engaging in a piecemeal appeal, will materially advance the ultimate termination of the litigation. For the foregoing reasons and in light of the strong presumption against the use of

---

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(Emphasis in original).

Section 1292(b), the Court denies the Motion.[2]

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs/Counter–Defendants Petition for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) and Motion to Amend Order Granting Bank of America's Motion to Strike Jury Trial and Order Denying Rehearing (Doc. # 82) is **DENIED.**

**DONE** and **ORDERED.**

---

**2.** In addition, to the extent that Plaintiffs seek to "amend" the Court's Order that they disagree with, the Court denies their request. This Court has already considered and denied their motion for reconsideration, and a motion for leave to file an interlocutory appeal is not the proper vehicle for, once again, seeking reconsideration.