**Grady BARNES, Plaintiff,**

v.

**U.S. BANK NATIONAL ASSOCIATION,**
**Defendant.**

**4:15cv319–WS/CAS**

United States District Court,
N.D. Florida,
Tallahassee Division.

Signed January 13, 2016

Amanda Jamison Allen, Morgan & Morgan PA, Tampa, FL, for Plaintiff.

Steven Douglas Knox, Quarles & Brady LLP, Tampa, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE

WILLIAM STAFFORD, SENIOR UNITED STATES DISTRICT JUDGE

Before the court is Defendant's Motion to Strike Demand for Jury Trial. Doc. 26. Plaintiff Grady Barnes has responded (doc. 32) in opposition to the motion.

Barnes has alleged in his complaint that Defendant U.S. Bank National Association (the "Bank") violated the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA") by placing approximately 800 robo-calls to Barnes's cellular telephone number. Compl. ¶ 27. The Bank made the calls—beginning in late 2008 and continuing at least until 2015—in an attempt to collect on defaults under a mortgage (the "Mortgage") that Barnes took out on his property in 2007. Barnes has demanded a jury trial. The Bank moves to strike Barnes's jury demand based on a jury trial

waiver provision contained in the Mortgage agreement.

Barnes executed the Mortgage on May 22, 2007. Paragraph 25 of that Mortgage contains the following jury trial waiver:

**Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

Doc. 26, Ex. A, p. 14. The waiver provision is located on the last page of the Mortgage and immediately precedes Barnes's signature, is in a typeface and style consistent with the rest of the fifteen-page document, is not hidden in a footnote, is not obscured by other language, and is written in clear and unambiguous language. Barnes agreed to the terms of the Mortgage—including the Jury Trial Waiver—when he signed the Mortgage. He does not contend otherwise.

Barnes instead contends that his TCPA and FCCPA claims are not "in any way related to" the Mortgage and, therefore, do not fall within the scope of the waiver provision. He cites two cases in support of his contention: *Jones v. Bank of America, N.A.,* No. 8:12cv419–T–33TGW, 2012 WL 3065381 (M.D.Fla. July 27, 2012) and *Dorn v. Bank of America, N.A.,* 8:12–cv–00510–SDM–TGW (M.D.Fla.2012) (unpublished case). Both *Jones* and *Dorn* involved a plaintiff who alleged that the defendant violated the TCPA and FCCPA by attempting to collect a debt secured by a mortgage containing the identical jury trial waiver provision that appears in Barnes's Mortgage. In each case, with little discussion or analysis, the trial judge denied the defendant's motion to strike the plaintiff's jury trial demand. In *Dorn,* the judge stated: "[W]hat can 'in any way related to' even coherently mean? Bank of America offers no answer." *See* Doc. 32, Ex. A. In *Jones,* relying on *Dorn,* the judge determined that "Defendant has failed to demonstrate that the jury trial waiver encompasses Plaintiff's present action." *Jones,* 2012 WL 3065381, at *2. Neither *Jones* nor *Dorn* is particularly helpful here.

Other courts—in cases very similar to this case—have reached a different conclusion and have granted motions to strike the plaintiff's jury demand. *See Levinson v. Green Tree Servicing, LLC,* No. 8:14cv02120–EAK–TGW, 2015 WL 1912276 (M.D.Fla. Apr. 27, 2015); *Martorella v. Deutsche Bank Nat'l Trust Co.,* No. 12–80372–CIV, 2013 WL 1136444 (S.D.Fla. Mar. 18, 2013); *Newton v. Wells Fargo Bank N.A.,* No. 3:13cv1017–J–32MCR, 2013 WL 5854520 (M.D.Fla. Oct. 30, 2013); *Belin v. Litton Loan Servicing, LP,* No. 8:06cv760–T–24EAJ, 2006 WL 2061340 (M.D.Fla. July 17, 2006). In each of these four cases, the plaintiff(s) asserted claims under the TCPA or FCCPA against a defendant that sought to collect a debt secured by a mortgage containing a jury trial waiver identical to the one in Barnes's Mortgage. In *Levinson,* Judge Kovachevich explained why she granted the defendant's motion to strike the plaintiffs' jury trial demand as follows:

Here, Plaintiffs' consumer protection claims relate to the mortgage contract. Plaintiffs knowingly and voluntarily waived their right to a jury trial upon signing the mortgage, thereby creating a valid waiver of jury trial. Plaintiffs acknowledge that Defendant's alleged behavior in violation of the FDCPA and FCCPA was due to Plaintiffs' failure to pay as contractually obligated under the same mortgage. Therefore, the dispute giving rise to Plaintiffs' claim exists because of [a] direct relationship with the mortgage which fairly directly relates to contractual performance of the mortgage. Furthermore, there is no concern that Defendant's actions extended be-

yond the reasonable expectation of the contracting parties, and, therefore, outside the scope of the contract. That a mortgage holder would resort to debt collection practices in order to collect on a debt in default is reasonable....

*Levinson,* 2015 WL 1912276 at *2; *see also Martorella,* 2013 WL 1136444 at *3 (finding the plaintiff's FCCPA claims to be within the scope of her jury trial waiver because the claims arose "from collection activities for amounts due under the mortgage and note that she executed"); *Newton,* 2013 WL 5854520 at *2 (rejecting the result in *Dorn* and *Jones;* finding the plaintiff's TCPA claims to be within the scope of the waiver provision because the claims were a "fairly direct result" of the plaintiff's failure to make his mortgage payments); *Belin,* 2006 WL 2061340 at *2 (rejecting the plaintiff's argument that his FCCPA claims were "not in any way related" to his mortgage and, therefore, not within the scope of the jury trial waiver provision; striking the plaintiff's jury trial demand because "his claims [arose] from collection activities for amounts due under the mortgage and note he executed").

As the courts did in *Levinson, Martorella, Newton,* and *Belin,* this court finds that the jury trial waiver provision at issue here is broad enough to reach claims arising from a defendant's attempts to collect amounts due under the mortgage. Barnes's arguments to the contrary are unpersuasive.[1] Accordingly, it is ORDERED:

The Bank's Motion to Strike Demand for Jury Trial (doc. 26) is GRANTED, and Barnes's jury trial demand is STRUCK from the complaint.

DONE AND ORDERED this 13th day of January, 2016.

---

1. The court is equally unpersuaded by Barnes's alternative argument, namely that the Bank waived any objection to Barnes's jury trial demand by waiting more than six months after the demand was made to file its motion to strike. The discovery period has not yet ended, and a trial date has not been set. Indeed, the case has been stayed for up to six months pending a decision by the Supreme Court in *Robins v. Spokeo, Inc.,* 742 F.3d 409 (9th Cir.2014), *cert. granted,* — U.S. ——, 135 S.Ct. 1892, 191 L.Ed.2d 762 (2015). Barnes, moreover, has not explained how timing of the Bank's motion has caused him any prejudice.