Daniel **BRAY** and Geri **Bray, Plaintiffs,**

v.

**PNC BANK, N.A., Defendant.**

**Case No: 6:15–cv–1705–Orl–41TBS**

United States District Court, M.D. Florida, Orlando Division.

Signed July 14, 2016

Filed July 15, 2016

Aaron M. Swift, Gregory Harrison Lercher, Ian Richard Leavengood, Sara Joanne Weiss, Leavengood, Dauval, Boyle & Meyer PA, St. Petersburg, FL, for Plaintiffs.

Joseph Andrew Apatov, Robert C. Burgess, Wesley Lawrence Ridout, McGlinchey Stafford, PLLC, Jacksonville, FL, for Defendant.

## ORDER

CARLOS E. MENDOZA, UNITED STATES DISTRICT JUDGE

THIS CAUSE is before the Court on Defendant's Motion to Strike Plaintiff's Demand for Jury Trial ("Motion to Strike," Doc. 13) and Defendant's Motion to Dismiss (Doc. 32). Plaintiffs filed responses in opposition. (*See* Resp. Mot. Strike, Doc. 17; Resp. Mot. Dismiss, Doc. 38). With leave, (*see* Dec. 28, 2015 Endorsed Order, Doc. 19), Defendant also filed a Reply to Response in Opposition to Motion to Strike (Doc. 24). For the reasons set forth herein, both motions will be denied.

## I. Background

In 2006, Plaintiffs entered into a Note and Mortgage for residential property. (*See* Mortg., Doc. 24–1, at 1–2). Thereafter, Plaintiffs filed a voluntary Chapter 7 petition in bankruptcy. (Am. Compl., Doc. 31, ¶ 16). Plaintiffs listed the debt on the Note and Mortgage as being owed to Defendant in their bankruptcy filing. (*Id.* ¶ 19; Schedule D, Ex. B. to Am. Compl., Doc. 31–1, at 6).[1] Although Defendant was granted *in rem* relief from the automatic stay by the bankruptcy court, Defendant was denied *in personam* relief for any unsecured portion of the undersecured debt. (Am. Compl. ¶¶ 28–29; Order, Ex. F to Am. Compl., Doc. 31–1, at 18–19). On April 4, 2012, Plaintiffs' remaining debts, including the *in personam* debt held by Defendant, were discharged in bankruptcy. (Am. Compl. ¶ 30; Discharge, Ex. G to Am. Compl., Doc. 31–1, at 22). Defendant was sent notice of the discharge. (Am. Compl. ¶ 31). Following foreclosure proceedings, title in the subject property was transferred to Cypress Springs Condominium Association in May 2013. (Am. Compl. ¶¶ 35–36; Certificate of Title, Ex. H to Am. Compl., Doc. 31–1, at 24).

Despite the discharge in bankruptcy, Defendant allegedly began calling and sending mail to Plaintiffs in an attempt to collect on the debt. (Am. Compl. ¶¶ 37, 40, 43). As a result of Defendant's alleged attempts to collect on the debt, Plaintiffs brought this lawsuit alleging violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## II. Motion to Strike

Defendant moves to strike Plaintiffs' jury demand pursuant to a jury trial waiver provision in Plaintiffs' Mortgage. Paragraph twenty-five of the Mortgage provides as follows:

> 25. Jury Trial Waiver. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Mortg. at 11). The parties do not dispute the validity of the Mortgage. Rather, Plaintiffs argue that this lawsuit is not "in any way related to" the Note or Mortgage, and, even if it is, then the waiver was not made knowingly and voluntarily. Defendant argues that this lawsuit is within the scope of the jury trial waiver and that the waiver is valid.

### A. Legal Standard

■ Pursuant to Federal Rule of Civil Procedure 12(f), the Court may, on motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are generally disfavored by the courts and "should be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.' " *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995)).

■ The Seventh Amendment to the United States Constitution "provides that in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564,

---

1. Where, as here, an attachment contains multiple documents, the pinpoint citation will be to the electronic page number.

110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (quotation omitted). "This right extends beyond common law causes of action that existed at the time of the amendment's adoption," to any cause of action that "closely resembles an action at law that was decided historically by a jury." *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 833 (11th Cir. 1982). Nevertheless, "[t]he Seventh Amendment right to a civil jury is not absolute and may be waived," *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (per curiam), "so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 Fed.Appx. 820, 823 (11th Cir. 2006).

■■■ In determining whether a waiver was made knowingly and voluntarily, courts consider the following factors: "(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel." *Allyn v. W. United Life Assurance Co.*, 347 F.Supp.2d 1246, 1252 (M.D. Fla. 2004). Additionally, "because the right to a jury trial is fundamental, courts must indulge every reasonable presumption against waiver." *Burns*, 53 F.3d at 1237 (quotation omitted). Therefore, "[n]o single factor is conclusive, and ... the [c]ourt is not bound by the number of factors that have been satisfied." *Madura v. BAC Home Loans Servicing L.P.*, 851 F.Supp.2d 1291, 1294 (M.D. Fla. 2012) (quotation omitted). "Rather, the [c]ourt asks whether, 'in light of all the circumstances, the [c]ourt finds the waiver to be unconscionable, contrary to public policy, or simply unfair.'" *Id.* (quoting *Allyn*, 347 F.Supp.2d at 1252).

## B. Analysis

■■ Defendant relies on a series of decisions by district courts in the Eleventh Circuit for the proposition that FCCPA and TCPA claims are sufficiently related to mortgage documents to allow similar waivers to be enforced. *See, e.g., Levinson v. Green Tree Servicing, LLC*, No. 8:14–cv–2120–EAK–TGW, 2015 WL 1912276, at *2 (M.D. Fla. Apr. 27, 2015); *Foley v. Wells Fargo Bank, N.A.*, 849 F.Supp.2d 1345, 1352 (S.D. Fla. 2012); *see also Barnes v. U.S. Bank Nat'l Ass'n*, 156 F.Supp.3d 1359, 1359–1361 (N.D. Fla. 2016) (collecting cases). Nonetheless, those case are readily distinguishable. In each of the cases cited by Defendant in which the court upheld a jury trial waiver, the courts noted that the dispute arose directly out of the defendant's attempts to enforce the plaintiff's obligations under the note or mortgage agreement containing the waiver. *See Levinson*, 2015 WL 1912276, at *2 ("[The] [p]laintiffs acknowledge that [the defendant's] alleged ... violation of the FDCPA and FCCPA was due to [the plaintiffs'] failure to pay as contractually obligated under the same mortgage. Therefore, the dispute giving rise to [the plaintiffs'] claim exists because of direct relationship with the mortgage which fairly directly relates to contractual performance of the mortgage."). Here, however, Plaintiffs have alleged an intervening bankruptcy.

While it is true that, but for the Mortgage, Defendant would not have attempted to collect the debt, the test for relatedness is not a strict but-for test. *See Bah. Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340–41 (11th Cir. 2012) ("A claim 'relates to' a contract when the dispute occurs as a fairly direct result of the performance of contractual duties. Moreover, the fact that a dispute could not have arisen but for an agreement does not mean that the dispute

necessarily 'relates to' that agreement." (citation omitted) (quotation omitted)). Plaintiffs' claims in this case arise out of Defendant's attempts to enforce a debt that was discharged in bankruptcy, as opposed to arising directly from the Mortgage. Thus, Plaintiffs' claims do not arise out of and are not sufficiently related to the Mortgage to fall within the jury waiver provision. *Leahy–Fernandez v. Bayview Loan Servicing, LLC*, No. 8:15–cv–2380–T–33TGW, 2016 WL 410010, at *2–3 (M.D. Fla. Feb. 3, 2016) (holding that communications to collect a debt after it was discharged in bankruptcy are not sufficiently related to the underlying mortgage to fall within a jury trial waiver provision); Dec. 16, 2014 Order at 2–3, *Votzke v. Wells Fargo Bank, N.A.*, No. 8:14–cv–2200–T–27AEP (M.D. Fla. Dec. 16, 2014), Doc. 11 (holding that claims arising out of attempts to collect a mortgage debt discharged in bankruptcy are outside the scope of a jury trial waiver contained in the mortgage because the "dispute with [the defendant] concerning the FCCPA and TCPA [wa]s not a direct result of the performance of a contractual duty"). Defendant's Motion to Strike will be denied.

### III. Motion To Dismiss

Defendant argues that Counts III and IV of the Amended Complaint should be dismissed for failure to state a claim. Plaintiffs contend that both claims sufficiently state a claim for relief.

### A. Legal Standard

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allega-

tions in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. FCCPA (Count III)

In Count III, Plaintiffs assert a claim for violations of subsection 559.72(18) of the Florida Statutes, which prohibits direct communication with a debtor with respect to a debt "if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." "Actual knowledge is required to prove violations of Fla. Stat. § 559.72(18)." *Nordwall v. PNC Mortg.*, No. 2:14–v–747–FtM–CM, 2015 WL 4095350, at *3 (M.D. Fla. July 7, 2015).

Plaintiffs allege that Defendant was put on notice that they were represented with respect to the debt when Defendant received notice of Plaintiffs' bankruptcy case, which clearly listed the debt and also listed counsel of record on behalf of the Plain-

tiffs. Defendant argues that notice that Plaintiffs were being represented in filing a bankruptcy case is not sufficient to constitute actual knowledge that Plaintiffs were represented with respect to this specific debt.[2] Defendant relies heavily on two recent decisions holding that notice of representation in a foreclosure proceeding is not sufficient to provide actual notice under the FCCPA. *See Nordwall*, 2015 WL 4095350, at *3 (holding that the plaintiff's counsel's "appearance in a separate [foreclosure] action does not constitute actual notice of representation for all-debt related activity"); *Wright v. Select Portfolio Servicing, Inc.*, No. 8:14–cv–2298–T–30TGW, 2015 WL 419618, at *5 (M.D. Fla. Feb. 2, 2015) ("[T]he notice of appearance filed in the foreclosure action ... was insufficient as a matter of law to place [the defendant] on notice that the [plaintiffs] were represented by counsel with respect to their debt."). Defendant's argument reads these cases too broadly.

A foreclosure proceeding is a very specific legal proceeding to terminate a mortgagor's interest in property. Although the lender may be able to recover a judgment for any unpaid debt not satisfied by the foreclosure of the secured property, the goal of a foreclosure proceeding is related to the secured property, not the debt itself. A bankruptcy proceeding, on the other hand, is ultimately a proceeding to organize or liquidate all of the debtor's financial obligations. Thus, when an attorney files a notice of appearance in a bankruptcy case, the scope of representation is readily ascertainable as being related to all collection efforts with respect to the debts listed in that bankruptcy action. Here, Plaintiffs have alleged, and Defendant does not dispute, that the debt was listed as such in Plaintiffs' bankruptcy proceed-

ings, and Defendant received notice of those proceedings, which notice included the name and address of Plaintiffs' counsel. This is sufficient to state a claim under the FCCPA. *See Lapointe v. Bank of Am., N.A.*, No. 8:15–cv–1402–T–26EAJ, 2015 WL 10097518, at *3 (M.D. Fla. Aug. 26, 2015) (holding that allegations that the defendant received notice that the debt was listed in a bankruptcy case in which the plaintiff was represented were sufficient to state a claim under subsection 559.72(18)). Accordingly, Defendant's Motion to Dismiss will be denied with respect to Count III.

## C. TCPA (Count IV)

In Count IV of the Amended Complaint, Plaintiffs assert a claim for relief pursuant to the TCPA, which provides, in relevant part, that "[i]t shall be unlawful for any person ... to make any call (other than a call ... made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiffs allege that Defendant placed several calls to Plaintiffs' cellular telephones, using an automated telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent. This is sufficient to state a claim under the TCPA.

To the extent Defendant argues that Plaintiffs' allegations with respect to the revocation of any consent are insufficient, this argument is not before the Court. "Prior express consent is an affirmative defense for which the defendant bears the burden of proof." *Lardner*

2. Defendant also argues that the Notice of Discharge is insufficient to place it on actual notice that Plaintiffs were represented with

respect to the debt. However, Count III is based only on Defendant's alleged receipt of the Notice of Chapter 7 Bankruptcy Case.

*v. Diversified Consultants Inc.*, 17 F.Supp.3d 1215, 1224 (S.D. Fla. 2014) (quotation omitted); *see also Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1304–05 (11th Cir. 2015) (noting that the existence of prior express consent is an affirmative defense under the TCPA). "Generally, the existence of an affirmative defense will not support a motion to dismiss" unless the defense "appears on the face of the complaint." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1225 n.8 (11th Cir. 2016) (quotations omitted).

 Plaintiffs plead that they did not give Defendant prior express consent to contact them. Although Plaintiffs also asserted that, if they did give consent, it was subsequently revoked, this allegation is not sufficient to establish the existence of the affirmative defense of consent on the face of the Amended Complaint. Defendant has not pointed to any allegations that Plaintiffs did in fact give prior express consent to be contacted, and there is no such allegation in the Amended Complaint. Furthermore, because it is not clear from the pleadings that Plaintiffs provided consent, any ruling on the issue of revocation of consent would be advisory in nature. This Court is prohibited from issuing such rulings. *Chafin v. Chafin*, — U.S. —, 133 S.Ct. 1017, 1023, 185 L.Ed.2d 1 (2013) ("Federal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts." (quotation omitted)); *see also Hodgson v. H. Morgan Daniel Seafoods, Inc.*, 433 F.2d 918, 920 (5th Cir. 1970) (holding that federal courts "cannot render an advisory opinion on hypothetical or abstract facts"). Accordingly, it would not be proper to pass on the sufficiency of the affirmative defense at the motion-to-dismiss stage. Defendant's Motion to Dismiss will also be denied with respect to Count IV.

## IV. CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Strike Plaintiff's Demand for Jury Trial (Doc. 13) is **DENIED.**

2. Defendant's Motion to Dismiss (Doc. 32) is **DENIED.**

**DONE** and **ORDERED.**